# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

| | |
|---|---|
| IN RE:<br>MATTIE M DAVID<br>   Debtor | Case No. 18-22880-GLT |
| FREEDOM MORTGAGE CORPORATION<br>   Movant | Chapter 13<br><br>Hearing Date: September 22, 2021 |
| v. | Hearing Time: 10:00 A.m. |
| MATTIE M DAVID<br>   Respondent | Objection Date: September 7, 2021<br><br>11 U.S.C. §362 |

## MOTION FOR NUNC PRO TUNC RELIEF FROM THE STAY IN ORDER TO PROCEED WITH MORTGAGE FORBEARANCE

Dated: August 19, 2021.

                                     */s/ Mario Hanyon*
                                     Mario Hanyon (Bar No. 203993)
                                     Attorney for Creditor
                                     BROCK & SCOTT, PLLC
                                     302 Fellowship Road, Ste 130
                                     Mount Laurel, NJ 08054
                                     Telephone:  844-856-6646 x4560
                                     Facsimile:  704-369-0760
                                     E-Mail:  pabkr@brockandscott.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

| | |
|---|---|
| IN RE:<br>MATTIE M DAVID<br>　　Debtor | Case No. 18-22880-GLT |
| | Chapter 13 |
| FREEDOM MORTGAGE CORPORATION<br>　　Movant | Hearing Date: September 22, 2021 |
| v. | Hearing Time: 10:00 a.m. |
| MATTIE M DAVID<br>　　Respondent | Objection Date: September 7, 2021 |
| | 11 U.S.C. §362 |

## MOTION FOR NUNC PRO TUNC RELIEF FROM THE STAY IN ORDER TO PROCEED WITH MORTGAGE FORBEARANCE

Movant, by its attorney, Brock and Scott, PLLC hereby requests a Nunc Pro Tunc Relief of the Automatic Stay (and Co-debtor Stay) and leave to allow for forbearance on its mortgage on real property owned by Debtor, MATTIE M DAVID.

1. Ronda J. Winnecour, Esquire was appointed the standing Chapter 13 Trustee.

2. Debtor currently has a mortgage with FREEDOM MORTGAGE CORPORATION. The property address is 54 Areford Blvd, Uniontown, Pennsylvania 15401 hereinafter known as the mortgaged premises.

3. The current monthly payment amount which is due the first day of the month is $1,310.29.

4. Debtor and Movant previously agreed to a forbearance of monthly mortgage payments, from March 1, 2020 through December 1, 2020, and the Parties entered into a Stipulation to confirm the amounts due as Debtor had made some of the forbone payments during that forbearance period. The Stipulation was approved by the Court on June 11, 2021, Doc. No. 86.

5. The Parties have agreed to an extension of the forbearance period through August 31, 2021.

6. The terms of the forbearance are as follows:

    A) Eighteen (18) regular monthly mortgage payments beginning March 1, 2020, through August 31, 2021, will be suspended.

    B) The next post-petition payment will be due on September 1, 2021.

    C) Payment of the escrow component of the regular monthly mortgage payments shall also be suspended.

    D) No fee shall be assessed against the loan in consideration of the forbearance.

    E) Prior to the expiration of the forbearance period, Debtor must either (1) request additional forbearance time under State or Federal Law; (2) enter in the Western District of Pennsylvania's Loss Mitigation Program; or (3) file an Amended Chapter 13 Plan which cures the three (3) months of arrears resulting from the forbearance period immediately or over the remainder of the Chapter 13 Plan.

    F) A copy of the Forbearance Agreement is attached hereto as exhibit "A".

7. Approval and recording (if applicable) of the forbearance agreement shall not constitute a violation of the automatic stay.

8. Movant has cause to have the Automatic Stay modified as to permit Movant to proceed with Debtor's request for forbearance of the Debtor's mortgage payments.

9. Movant specifically requests permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law such as the CARES ACT.

10. Further, Movant requests Nunc Pro Tunc relief from the Automatic Stay to cover any and all times prior to the filing of this Motion that Debtor and Debtor's Counsel may have communicated directly with Movant in order to discuss this request for forbearance.

11. Rule 4001 (a)(3) should not be applicable and Movant should be allowed to immediately enforce and implement the Order granting modified Relief from the Automatic Stay for the limited purpose of proceeding with Debtor's forbearance request.

12. **WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 respect to 54 Areford Blvd, Uniontown, Pennsylvania 15401 for the limited purpose of proceeding with Debtor's forbearance request (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage for the limited purpose of proceeding with Debtor's forbearance request; and

b. granting Movant permission to communicate with the Debtor and Debtor's counsel and Nunc Pro Tunc relief from the Automatic Stay to the extent necessary to comply with applicable nonbankruptcy law such as the CARES ACT for the limited purpose of proceeding with Debtor's forbearance request; and

c. holding that Movant should be allowed to immediately enforce and implement the Order granting Nunc Pro Tunc Relief from the Automatic Stay for the limited purpose of proceeding with Debtor's forbearance request; and

d. that Rule 4001 (a)(3) is not applicable and FREEDOM MORTGAGE CORPORATION may immediately enforce and implement this Order granting limited Nunc Pro Tunc Relief from the Automatic Stay; and

e. that other than the suspension of mortgage payments, the rest of the Chapter 13 Plan remains in full force and the Chapter 13 Trustee shall continue to distribute payments to other claims during the period of forbearance in accordance with the Chapter 13 Plan; and

f. that Debtors are required to file an Amended Chapter 13 Plan that provides for resumption of mortgage payments at least 90 days prior to the last month in the forbearance period.

Dated: <u>August 19, 2021</u>

                                                         */s/ Mario Hanyon*
                                                         Mario Hanyon (Bar No. 203993)
                                                         Attorney for Creditor
                                                         BROCK & SCOTT, PLLC

302 Fellowship Road, Ste 130
Mount Laurel, NJ 08054
Telephone:  844-856-6646 x4560
Facsimile:  704-369-0760
E-Mail:  pabkr@brockandscott.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

| | |
|---|---|
| IN RE:<br>MATTIE M DAVID<br>   Debtor | Case No. 18-22880-GLT |
| FREEDOM MORTGAGE CORPORATION | Chapter 13 |
|    Movant | Hearing Date: September 22, 2021 |
| v. | Hearing Time: 10:00 a.m. |
| MATTIE M DAVID<br>   Respondent | Objection Date: September 7, 2021 |
| | 11 U.S.C. §362 |

### ORDER GRANTING NUNC PRO TUNC RELIEF FROM THE STAY IN ORDER TO PROCEED WITH LOAN MODIFICATION MORTGAGE FORBEARANCE

**AND NOW**, this ____ day of _____, 2021, at **PITTSBURGH**, upon Motion of FREEDOM MORTGAGE CORPORATION (Movant), it is:

**ORDERED**, that approval and recording (if applicable) of the forebearance agreement shall in no way constitute a violation of the automatic stay; and it is further;

**ORDERED** that Movant shall be permitted to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and it is further;

**ORDERED** that Movant is granted Nunc Pro Tunc relief from Automatic Stay to cover any and all times prior to the filing of Movant's Motion that Debtor and Debtor's Counsel may have communicated directly with Movant in order to discuss this request for forbearance; and it is further;

**ORDERED** that the forbearance agreement is approved and the mortgage payments shall be suspended beginning with the Trustee's distribution for the month of March 1, 2020, and continuing until reinstated in accordance with the confirmation of an amended Chapter 13 plan that expressly provides the month in which the mortgage payment is to resume and which further provides, as a separate line item (in Part 3.2 of the Plan) the dollar amount of the suspended payments and the repayment terms; and it is further;

**ORDERED,** that any fees, costs and expenses associated with the forbearance agreement will be subject to the provisions of FRBP 3002.1, and provided further that approval of the forbearance agreement does not represent approval of the fees, costs and expenses associated with forbearance agreement and does not preclude an objection to those fees when noticed in accordance with the Rule; and it is further;

**ORDERED** that other than the suspension of mortgage payments, the rest of the Chapter 13 Plan (including the monthly plan payments) remains in full force and the Chapter 13 Trustee shall continue to distribute payments to other claims during the period of forbearance in accordance with the Chapter 13 Plan: and it is further;

**ORDERED** that Debtor is required to file an Amended Chapter 13 Plan that provides for resumption of mortgage payments at least 90 days prior to the last month in the forbearance period; and it is further;

**ORDERED** that Rule 4001(a)(3) is not applicable and FREEDOM MORTGAGE CORPORATION may immediately enforce and implement this Order granting Relief from the Automatic Stay for the limited purpose of proceeding with and recording (if applicable) the forbearance agreement.

_____
Gregory L. Taddonio, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

| | |
|---|---|
| IN RE:<br>MATTIE M DAVID<br>　　Debtor | Case No. 18-22880-GLT |
| FREEDOM MORTGAGE CORPORATION<br>　　Movant | Chapter 13<br><br>Hearing Date: September 22, 2021 |
| v. | Hearing Time: 10:00 a.m. |
| MATTIE M DAVID<br>　　Respondent | Objection Date: September 7, 2021<br><br>11 U.S.C. §362 |

**CERTIFICATE OF SERVICE OF MOTION FOR NUNC PRO TUNC RELIEF FROM THE STAY IN ORDER TO PROCEED WITH MORTGAGE FORBEARANCE**

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on August 19, 2021.

The types of service made on the parties were: Electronic Notification and First Class Mail.

Service by First Class Mail

MATTIE M DAVID
54 AREFORD BLVD
UNIONTOWN, PA 15401

DANIEL R. WHITE, ESQUIRE
ZEBLEY MEHALOV & WHITE, P.C.
18 MILL STREET SQUARE
P.O. BOX 2123
UNIONTOWN, PA 15401

RONDA J. WINNECOUR
SUITE 3250, USX TOWER
600 GRANT STREET
PITTSBURGH, PA 15219

Service by Electronic Notification

DANIEL R. WHITE, ESQUIRE
ZEBLEY MEHALOV & WHITE, P.C.
18 MILL STREET SQUARE
P.O. BOX 2123
UNIONTOWN, PA 15401
dwhite@zeblaw.com

RONDA J WINNECOUR, BANKRUPTCY TRUSTEE
SUITE 3250, USX TOWER
600 GRANT STREET
PITTSBURGH, PA 15219
cmecf@chapter13trusteewdpa.com

U.S. TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
LIBERTY CENTER.
1001 LIBERTY AVENUE, SUITE 970
PITTSBURGH, PA 15222
Ustp.region03@usdoj.gov

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification" and those served by mail will be listed under the heading: Service by First Class Mail."

Dated: August 19, 2021

*/s/ Mario Hanyon*
Mario Hanyon (Bar No. 203993)
Attorney for Creditor
BROCK & SCOTT, PLLC
302 Fellowship Road, Ste 130
Mount Laurel, NJ 08054
Telephone: 844-856-6646 x4560
Facsimile: 704-369-0760

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)**

| | |
|---|---|
| IN RE:<br>MATTIE M DAVID<br>   Debtor | Case No. 18-22880-GLT |
| FREEDOM MORTGAGE CORPORATION<br>   Movant | Chapter 13<br><br>Hearing Date: September 22, 2021 |
| v. | Hearing Time: 10:00 a.m. |
| MATTIE M DAVID<br>   Respondent | Objection Date: September 7, 2021<br><br>11 U.S.C. §362 |

## WAIVER OF 30 DAY HEARING REQUIREMENT

NOW COMES, Freedom Mortgage Corporation, by and through its attorneys, Brock and Scott, PLLC, and states that because the Court is unable to schedule a hearing on this matter until after 30 days from the date of the filing of the Motion for Relief, Movant hereby waives the requirement set forth in 11 U.S.C. Sec. 362(e) relating to the Motion for Relief from Stay filed on August 19, 2021.

Dated: August 19, 2021

                                        */s/ Mario Hanyon*
                                        Mario Hanyon (Bar No. 203993)
                                        Attorney for Creditor
                                        BROCK & SCOTT, PLLC
                                        302 Fellowship Road, Ste 130
                                        Mount Laurel, NJ 08054
                                        Telephone:  844-856-6646 x4560
                                        Facsimile:  704-369-0760
                                        E-Mail:  pabkr@brockandscott.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)**

| | |
|---|---|
| IN RE:<br>MATTIE M DAVID<br>　　Debtor | Case No. 18-22880-GLT |
| FREEDOM MORTGAGE CORPORATION<br>　　Movant<br>v.<br>MATTIE M DAVID<br>　　Respondent | Chapter 13<br><br>Hearing Date: September 22, 2021<br><br>Hearing Time: 10:00 a.m.<br><br>Objection Date: September 7, 2021<br><br>11 U.S.C. §362 |

## DEFAULT ORDER ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This _____ day of _____, 2021 upon default, no response objecting to the Motion having been timely filed by an interested party, and upon Movant's Certification of Service and Certification of No Objection, it is:

**ORDERED** that the above-captioned Motion is granted insofar as it requests Relief from the Automatic Stay imposed by 11 U.S.C. §362

Movant shall, within five (5) days hereof, serve a copy of the within Order on parties in interest (unless they are otherwise served) and file a Certificate of Service.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Gregory L. Taddonio
　　　　　　　　　　　　　　　　　　　　　　　BANKRUPTCY JUDGE

cc:

MATTIE M DAVID
54 AREFORD BLVD
UNIONTOWN, PA 15401

DANIEL R. WHITE, ESQUIRE
ZEBLEY MEHALOV & WHITE, P.C.
18 MILL STREET SQUARE
P.O. BOX 2123
UNIONTOWN, PA 15401

RONDA J. WINNECOUR
SUITE 3250, USX TOWER
600 GRANT STREET
PITTSBURGH, PA 15219

U.S. TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
LIBERTY CENTER.
1001 LIBERTY AVENUE, SUITE 970
PITTSBURGH, PA 15222

IMPORTANT NOTICE

Freedom Mortgage Corporation ("Freedom") is firmly committed to helping its borrowers who are experiencing a hardship. Depending on the circumstances of your case, Freedom may be amenable to consensual resolution of this matter, with Court approval. Potential options for resolution may include, among other things, temporary forbearance of payments, payment restructuring and/or adjustment of your payment amount.

If you (or, if applicable, any co-debtors) have experienced a hardship, please contact us (or have your counsel contact us, if you are represented) promptly to discuss possible options.